[Civ. No. 20048.   Second Dist., Div. Three.   Aug. 10, 1954.]

THOMAS E. BERESFORD et al., Appellants, v. C. CECIL HORN et al., Respondents.

Gross & Svenson for Appellants.

C. P. Von Herzen and Samuel L. Laidig for Respondents.

SHINN, P. J.—Plaintiffs sued for damages for alleged fraud of the defendants in the sale to them of a residential property.  The court sustained a demurrer to plaintiffs' third amended complaint without leave to amend on the ground that the action was barred by the statute of limitations.  Judgment of dismissal was entered and plaintiffs appeal.

The question is whether the plaintiffs who purchased and lived in a dwelling house which failed in numerous obvious particulars to meet the requirements of local building ordinances were charged with a duty to discover the nonconformance of the structure during the first thirteen months of their occupancy.  The purchase was made July 29, 1948, plaintiffs alleged discovery of the nonconforming conditions about May 1, 1952, and the present action was commenced September 2, 1952.  We agree with the conclusion of the trial

court that the action was barred by the provisions of subdivision 4, section 338, Code of Civil Procedure, which limits the time for suing on the ground of fraud to three years from discovery of the fraud.

It was not alleged that defendants made any affirmative representations that the building met the requirements of the ordinances. It was alleged that the building had been constructed without a building or occupancy permit, that defendants had knowledge of that fact, knew that the construction violated the ordinances and intentionally and fraudulently concealed those facts from plaintiffs. It was not alleged that plaintiffs were hindered in any manner in making an investigation or persuaded by the defendants not to make one. The facts as to discovery were stated; in May 1952 plaintiffs called in a plumber, a plumbing permit was sought, the building was inspected and plaintiffs were informed of numerous particulars in which the building failed to conform to the ordinances.

The complaint alleged: Sometime before 1920 a single room was built; in 1926 a room 10′ x 24′ was added and adjoining it a kitchen, bathroom and service porch. The east half of the ceiling in the kitchen slopes from a height of *7 feet to 6 feet, 6 inches*; the west half slopes from a height of *8 feet to 5 feet, 10 inches*; in the bedrooms the ceilings slope from *7 feet to 6 feet, 6 inches*; in the service porch the west half of the ceiling slopes from *7 feet to 5 feet, 10 inches*; in the bathroom the ceiling is 7 feet in height. Bathroom ceilings are required by ordinance to have a height of 7½ feet, the other rooms 8 feet. In rooms with sloping ceilings the specified height is required in only one-half of the room; the portion with a ceiling of less than 5 feet is not included in the computation of the area of the room. The electric wiring was improper and improperly installed. There is no foundation under the service porch and bathroom; the ordinances require foundations. The kitchen and bedroom are built on a slab at the level of the surrounding ground; the ordinances require that such a slab be elevated above the surrounding ground. The plumbing was installed without the required traps and vents. Terra cotta pipe was used under the house; cast iron pipe was required. Plaintiffs are inexperienced in building construction and they had no knowledge that the construction was improper in the specified particulars. They were not familiar with the building ordinances. Plaintiffs have been ordered to demolish a 10′ x 24′ room and a 15′ x 24′ addition; also to make the wiring and plumbing conform

to the ordinance requirements. In a second cause of action it was added that defendants represented that the house was a good one, and a fine and suitable home for plaintiffs and their families. Damages were sought in the amount of $6,400.

Plaintiffs recognize the familiar rule that actual notice of circumstances sufficient to put a prudent person upon inquiry is deemed to be notice of facts discoverable in the exercise of reasonable diligence in making an investigation. Civil Code, section 19, states the rule. Therefore they argue that the conditions described in their complaint were not such as to reasonably suggest the necessity for an investigation. This may be true with respect to some of the conditions but is clearly in error as to others. We therefore have the simple question whether, as a matter of law, prudent persons, under the circumstances pleaded would have made an investigation. It is trite to remark that wherever that question arises each case is governed by its own facts, and that no two are alike. We think that any adult person of common intelligence who entered a dwelling having ceilings with a height of only 5 feet, 10 inches, or even 6 feet, 6 inches would immediately realize that it was an extraordinary condition. In a community where such construction was forbidden by law, and the like of which was not to be found, it would occur to anyone with a reasonably alert and functioning mind that the construction was substandard. The ceilings not only lacked the required height but they gave evidence of striking defects in workmanship. Half the ceiling in the kitchen had a fall of 6 inches; the other half a fall of 2 feet, 2 inches; the bedroom ceiling had a fall of 6 inches; half the ceiling of the service porch had a fall of 2 feet, 2 inches. These were not minor deviations from universal standards; they were conspicuous oddities. They not only presented a unique appearance but they detracted from the usefulness of the rooms.

It was not alleged that the construction was such as to conceal the fact that a part of the house had no foundation or the fact that the floor slab was at the level of the surrounding ground. We think that except for extreme indifference, amounting to negligence, plaintiffs would have realized that the building was grossly inferior in design and workmanship. Realizing that fact, and the further fact that the construction differed radically from well known and unexceptional standards for dwelling houses, plaintiffs clearly were charged with a duty to go to the authorities and make inquiry as to the

ordinance requirements. Thirteen months was more than a sufficient time for that purpose. They waited more than four years and then discovered through accident that the building had been constructed without a permit for construction or occupancy, had never been inspected or approved, and that in many particulars there was nonconformance with the ordinances. It is a fact of common knowledge that the construction of buildings is regulated by law. Plaintiffs cannot be heard to say they were ignorant of that fact. The question is whether they should have made inquiry as to the law's requirements. The rules with respect to the duty to make inquiry assume lack of knowledge of facts that would be developed through investigation. Plaintiffs did not have the right to ignore the matters of which they now complain. They were charged by law with a duty to make an investigation, and with knowledge of the facts which diligent inquiry would have developed, namely, the requirements of the building ordinances and the particulars in which their building failed to conform. If the facts which were known to plaintiffs were not sufficient to put them on inquiry within the first year they lived in the house, they need never have made any inquiry, and the statutory time for filing suit would be extended for an indefinite time. The law does not countenance indifference in such matters. It does not recognize ignorance which is due to negligence as an excuse for inaction. Since the knowledge to be gained by plaintiffs through an investigation is referable to a time more than three years prior to the institution of the action the bar of the statute was a good defense.

Counsel discuss other questions, namely, whether defendants had a duty to disclose the fact that the building failed to meet requirements of the ordinances, whether their silence was an implied misrepresentation, whether plaintiffs were charged with full knowledge of the conditions at the time they purchased, and whether they were presumed to know the requirements of the ordinances. These questions would have required decision if plaintiffs had filed suit within the statutory period, but since the action was barred by limitation it is immaterial whether the complaint stated facts constituting actionable fraud. We decide only that upon the facts alleged plaintiffs have not succeeded in showing good cause for failing to institute their action within three years after the commission of the alleged fraud.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.